```
1  John R. Knapp, Jr., P.C.
   MILLER NASH GRAHAM & DUNN LLP
2  2801 Alaskan Way, Suite 300
   Pier 70
3  Seattle, Washington 98121
   (206) 624-8300
4
   Attorneys for
5  U.S. Bank National Association
```

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national banking association,<br><br>        Plaintiff,<br><br>    v.<br><br>GOLD DIGGER APPLES, INC., a Washington corporation; KERNAN ORCHARDS, INC., a Washington corporation ; CARBON CYCLE CRUSH LLC, a Washington limited liability company; OROVILLE REMAN & RELOAD, INC., a Washington corporation; and JOHN DOE,<br><br>        Defendants. | Case No.<br><br>COMPLAINT |

Comes now U.S. Bank National Association ("U.S. Bank") and for causes of action against defendants alleges:

## I. STATUS OF PARTIES AND JURISDICTION

1.1  <u>Status of Plaintiff</u>. Plaintiff U.S. Bank is a national banking association resident in the state of Ohio. U.S. Bank is the holder of the promissory

---

COMPLAINT - 1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

70098820.3

1 notes, mortgagee under the mortgages, and grantee of the security interests described below and is authorized to conduct business in the state of Washington.

1.2 **Status of Defendants**.

1.2.1 **Gold Digger Apples, Inc**. Gold Digger Apples, Inc. ("GDA") is a Washington corporation with a registered office and principal place of business in Oroville, Okanogan County, Washington. GDA is the maker of the promissory notes, grantor under a mortgage on real property, and grantor of the security interest in personal property as described below.

1.2.2 **Kernan Orchards, Inc**. Kernan Orchards, Inc. ("Kernan") is a Washington corporation with a registered office and principal place of business in Oroville, Okanogan County, Washington. Kernan is the grantor of a mortgage on real property as described below.

1.2.3 **Carbon Cycle Crush LLC**. Carbon Cycle Crush LLC ("CCC") is a Washington limited liability company with a registered office and principal place of business in Spokane Valley, Spokane County, Washington. CCC is a lessee of real property described below.

1.2.4 **Oroville Reman & Reload, Inc**. Oroville Reman & Reload, Inc. ("ORR") is a Washington corporation with a registered office and principal place of business in Oroville, Okanogan County, Washington. ORR is a lessee of real property described below.

1.2.5 **John Doe**. John Doe may hold a security interest in personal property junior to the security interest of U.S. Bank and is a citizen of the state of Washington.

1.3 **Jurisdiction and Venue**. The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332. Plaintiff U.S. Bank is a citizen of the state of Ohio. Each defendant is a citizen of the state of Washington. U.S. Bank is

COMPLAINT - 2

70098820.3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

not from the same state as GDA, Kernan, CCC, ORR, or John Doe, and therefore, there is complete diversity between the parties. The matter in controversy exceeds the sum or value of $75,000. The Court has personal jurisdiction over GDA, Kernan, CCC, ORR, and John Doe. GDA, Kernan, CCC, ORR, and John Doe have purposefully engaged in substantial business and related communications with U.S. Bank, and the claims arise from their transaction of business within this district. Venue is proper under 28 U.S.C. § 1391. A substantial portion of the activities giving rise to U.S. Bank's claims have taken place in this district. Each of GDA, Kernan, CCC, ORR, and John Doe maintains its principal place of business and/or conducts business activities in this district.

## II.  UNDERLYING FACTS

2.1  <u>Execution of the Second Amended and Restated Credit Agreement</u>. On or about June 18, 2014, U.S. Bank and GDA executed the Second Amended and Restated Credit Agreement (the "Loan Agreement"). A true copy of the Loan Agreement is attached hereto as Exhibit 1.

2.2  <u>2014 Orchard Loan</u>. On or about June 18, 2014, pursuant to the Loan Agreement, GDA executed and delivered to U.S. Bank that certain Promissory Note (2014 Orchard Loan) in the principal sum of $5,035,000.00 (the "2014 Orchard Loan"). A true copy of the 2014 Orchard Loan is attached hereto as Exhibit 2.

2.3  <u>Term Note</u>. On or about June 18, 2014, pursuant to the Loan Agreement, GDA executed and delivered to U.S. Bank that certain Amended and Restated Promissory Note (Term Loan) in the principal sum of $7,875,779.02 (the "Term Loan"). A true copy of the Term Loan is attached hereto as Exhibit 3.

2.4  <u>PIK Interest Note</u>. On or about June 18, 2014, pursuant to the Loan Agreement, GDA executed and delivered to U.S. Bank that certain Amended

COMPLAINT - 3

70098820.3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

and Restated Promissory Note (PIK Interest Loan) in the principal sum of $2,058,044.94 (the "PIK Interest Loan"). A true copy of the PIK Interest Loan is attached hereto as Exhibit 4.

2.5   Execution of the Security Agreement. On or about June 18, 2014, pursuant to the Loan Agreement, GDA executed and delivered to U.S. Bank that certain Security Agreement in order to secure the Obligations (as defined in the Credit Agreement, including without limitation the obligations thereunder and in the 2014 Orchard Loan, the Term Loan, and the PIK Interest Loan). Under the Security Agreement, GDA granted U.S. Bank a security interest in the Collateral as defined therein. A true copy of the Security Agreement is attached hereto as Exhibit 5.

2.6   UCC Filings. U.S. Bank is the secured creditor and the assignee of secured creditors under UCC financing statements filed as early as August 4, 1989, and multiple filings and amendments thereafter (the "Financing Statements"), which currently remain in effect and describe the Collateral. True copies of the Financing Statements are attached hereto as Exhibit 6. By virtue of the Financing Statements, U.S. Bank has a perfected security interest in the types of Collateral in which a security interest is perfected by filing.

2.7   GDA Mortgage Amendment. On or about February 2, 1998, GDA and Oro Fruit Company ("Oro"), a Washington corporation, granted that certain Mortgage to U.S. Bank, recorded on February 10, 1998, in the records of the Okanogan County Auditor under instrument number 862066 (vol. 164 page 1892) (the "GDA Mortgage") to secure certain obligations under a promissory note from GDA to U.S. Bank dated February 2, 1998, in the principal amount of $6,000,000.00. Oro has not been an active Washington corporation since January 25, 1999, and title is now vested entirely in GDA. A true copy of the GDA

COMPLAINT - 4

70098820.3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Mortgage is attached hereto as Exhibit 7. On or about June 17, 2014, GDA and U.S. Bank entered into an Amendment of Mortgage, recorded on June 17, 2014, in the records of the Okanogan County Auditor under instrument number 3192389 (the "GDA Mortgage Amendment") to reflect that the GDA Mortgage continued to secure all amounts owed by GDA to U.S. Bank, including the 2014 Orchard Loan, the Term Loan, the PIK Interest Loan, and two other promissory notes in the principal amount of $3,000,000.00 each, and any replacements thereof. A true copy of the GDA Mortgage Amendment is attached hereto as Exhibit 8. The GDA Mortgage encumbers the real property described in the GDA Mortgage Amendment.

   2.8 <u>Kernan Mortgage Amendment</u>. On or about May 19, 2000, Kernan granted that certain Mortgage to U.S. Bank, recorded on June 12, 2000, in the records of the Okanogan County Auditor under instrument number 3023290 (the "Kernan Mortgage") to secure certain obligations under a promissory note from GDA to U.S. Bank dated May 19, 2000, in the principal amount of $846,000.00. A true copy of the Kernan Mortgage is attached hereto as Exhibit 9. On or about June 17, 2014, Kernan and U.S. Bank entered into an Amendment of Mortgage (Kernan Orchards), recorded on June 17, 2014, in the records of the Okanogan County Auditor under instrument number 3192388 (the "Kernan Mortgage Amendment") to reflect that the Kernan Mortgage continued to secure all amounts owed by GDA to U.S. Bank, including the 2014 Orchard Loan, the Term Loan, the PIK Interest Loan, and two other promissory notes in the principal amount of $3,000,000.00 each, and any replacements thereof. A true copy of the Kernan Mortgage Amendment is attached hereto as Exhibit 10. The Kernan Mortgage encumbers the real property described in the Kernan Mortgage Amendment.

COMPLAINT - 5

70098820.3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

2.9   First Amendment to Credit Agreement.  On or about February 18, 2015, GDA and U.S. Bank entered into that certain First Amendment to Second Amended and Restated Credit Agreement and Waiver Agreement (the "First Amendment").  A true copy of the First Amendment is attached hereto as Exhibit 11.  Among other things, the First Amendment effected the extension of the maturity date of the 2014 Orchard Loan Note to April 15, 2015.

2.10   Second Amendment to Credit Agreement.  On or about April 15, 2015, GDA and U.S. Bank entered into that certain Second Amendment to Second Amended and Restated Credit Agreement (the "Second Amendment").  A true copy of the Second Amendment is attached hereto as Exhibit 12.  The Second Amendment provided for GDA to execute two new promissory notes to replace the two $3,000,000.00 notes referenced in the GDA Mortgage Amendment and the Kernan Mortgage Amendment.

2.11   2015 Warehouse Note.  On or about April 15, 2015, pursuant to the Second Amendment, GDA executed and delivered to U.S. Bank that certain Promissory Note (Warehouse Loan) in the principal sum of $3,000,000.00 (the "Warehouse Loan").  A true copy of the 2015 Warehouse Note is attached hereto as Exhibit 13.

2.12   2015 Orchard Note.  On or about April 15, 2015, pursuant to the Second Amendment, GDA executed and delivered to U.S. Bank that certain Promissory Note (2015 Orchard Loan) in the principal sum of $5,600,000.00 (the "2015 Orchard Loan").  A true copy of the 2015 Orchard Loan is attached hereto as Exhibit 14.

2.13   Defaults.  GDA defaulted on its Obligations (as defined in the GDA Mortgage and the Kernan Mortgage) to U.S. Bank by, among other things, failing to pay when due amounts owing under the promissory notes.  The 2014

COMPLAINT - 6

70098820.3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Orchard Loan matured and became fully due and payable on November 30, 2015; the 2015 Orchard Loan and the Warehouse Loan, on December 15, 2015. The failure to pay in full on the maturity date all amounts due under the 2014 Orchard Loan, the 2015 Orchard Loan, and the Warehouse Loan constituted an Event of Default under Section 13.1(a) of the Loan Agreement. As a result of the Event of Default, U.S. Bank declared each of the Term Note and the PIK Interest Note immediately due and payable pursuant to Section 13.2 of the Loan Agreement. As permitted by Section 13.2 of the Loan Agreement, interest on the full outstanding balance of each of the 2014 Orchard Loan, the 2015 Orchard Loan, the Warehouse Loan, and the Term Loan began to accrue at the Default Rate (as defined in the Loan Agreement), and interest on the full outstanding balance of the PIK Interest Loan began to accrue and be payable at the Prime Rate plus 7.25 percent per annum. On March 4, 2016, U.S. Bank delivered a Notice of Event of Default to GDA to the foregoing effect. A true copy of the Notice of Event of Default is attached hereto as Exhibit 15. GDA has not satisfied its Obligations to U.S. Bank.

      2.14   <u>Amounts Due Under the Notes</u>. Because of the defaults by GDA, there is owing under the notes the following amounts:

      2.14.1   2014 Orchard Loan: The principal amount of $1,941,848.80, plus accrued and unpaid interest as of May 10, 2016, in the amount of $6,405.40. Interest continues to accrue on and after May 10, 2016, at the per diem rate of $256.21616.

      2.14.2   Term Loan: The principal amount of $$7,531,332.32, plus accrued and unpaid interest as of May 10, 2016, in the amount of $28765.51. Interest continues to accrue on and after May 10, 2016, at the per diem rate of $1,150.62022.

COMPLAINT - 7

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

70098820.3

    2.14.3 PIK Interest Loan:  The principal amount of $2,058,044.94, plus accrued and unpaid interest as of May 10, 2016, in the amount of $27,769.31.  Interest continues to accrue on and after May 10, 2016, at the per diem rate of $414.46738.

    2.14.4 2015 Orchard Loan:  The principal amount of $14,058,000.00, plus accrued and unpaid interest as of May 10, 2016, in the amount of $13,385.76.  Interest continues to accrue on and after May 10, 2016, at the per diem rate of $535.43056.

    2.14.5 Warehouse Loan:  The principal amount of $2,996,480.00, plus accrued and unpaid interest as of May 10, 2016, in the amount of $9,877.25.  Interest continues to accrue on and after May 10, 2016, at the per diem rate of $395.36889.

   2.15 <u>Attorneys' Fees and Costs</u>.  The terms of the Loan Agreement, 2014 Orchard Loan, Term Loan, PIK Interest Loan, 2015 Orchard Loan, Warehouse Loan, GDA Mortgage, and Kernan Mortgage provide for U.S. Bank to be entitled to an award of its costs, fees, and out-of-pocket disbursement, including attorneys' fees, in collecting on the Obligations and protecting the interests provided by the GDA Mortgage and the Kernan Mortgage.  As of May 10, 2016, U.S. Bank has expended no less than $295,054.54 in fees and costs in collecting on the obligations of GDA and protecting the interests provided by the GDA Mortgage and the Kernan Mortgage that has not been repaid.

   **III. <u>FORECLOSURE OF REAL PROPERTY</u>**
      (Against All Defendants)

   3.1 U.S. Bank realleges paragraphs 1.1 through 2.15 above as if set forth in full herein.

COMPLAINT - 8

70098820.3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

3.2     No suit has been instituted or is now pending on the 2014 Orchard Loan, Term Loan, PIK Interest Loan, 2015 Orchard Loan, or Warehouse Loan.

3.3     As a result of GDA's defaults under the 2015 Orchard Loan, Term Loan, PIK Interest Loan, 2015 Orchard Loan, and Warehouse Loan, U.S. Bank is entitled to a judgment foreclosing its interest in the Real Property (as defined in each of the GDA Mortgage and the Kernan Mortgage) and directing the sale of the Real Property with the proceeds of the sale to be applied to Obligations as provided by applicable law.

3.4     The interests of all of the defendants, and all persons claiming by, through, or under them, in the Real Property are junior, inferior, and subordinate to the interest of U.S. Bank.

3.5     If any additional parties claiming an interest in and to the Real Property junior to the U.S. Bank's lien have been inadvertently omitted, U.S. Bank reserves the right to add such parties as additional defendants and to have their rights and interests adjudicated herein.

3.6     None of the defendants are entitled to possession of the Real Property during the period of redemption following the sheriff's sale.  The purchaser at the sheriff's sale will be entitled to the sole and exclusive possession of the Real Property.

3.7     U.S. Bank hereby seeks a deficiency judgment in this action against GDA.

### IV.  **FORECLOSURE OF PERSONAL PROPERTY (COLLATERAL)**
(Against Defendant GDA)

4.1     U.S. Bank realleges paragraphs 1.1 through 3.7 above as if set forth in full herein.

COMPLAINT - 9

70098820.3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

4.2   As a result of GDA's defaults under the 2015 Orchard Loan, Term Loan, PIK Interest Loan, 2015 Orchard Loan, and Warehouse Loan, U.S. Bank is entitled to a judgment foreclosing its interest in the Collateral (as defined in the Security Agreement) and directing the sale of the Collateral with the proceeds of the sale to be applied to Obligations as provided by applicable law.

4.3   The interests of all of the defendants, and all persons claiming by, through, or under them, in the Collateral are junior, inferior, and subordinate to the interest of U.S. Bank.

4.4   If any additional parties claiming an interest in and to the Collateral junior to the U.S. Bank's lien have been inadvertently omitted, U.S. Bank reserves the right to add such parties as additional defendants and to have their rights and interests adjudicated herein.

4.5   The purchaser at the sheriff's sale or other disposition will be entitled to the sole and exclusive possession of the Collateral.

4.6   U.S. Bank hereby seeks a deficiency judgment in this action against GDA.

## V. BREACH OF CONTRACT ON NOTES
(Against Defendant GDA)

5.1   U.S. Bank realleges paragraphs 1.1 through 4.6 above as if set forth in full herein.

5.2   Pursuant to the 2014 Orchard Loan, Term Loan, PIK Interest Loan, 2015 Orchard Loan, and Warehouse Loan, GDA is obligated to pay the Obligations.

5.3   GDA failure to satisfy the Obligations under the 2014 Orchard Loan, Term Loan, PIK Interest Loan, 2015 Orchard Loan, and Warehouse Loan constitutes a breach of contract.

COMPLAINT - 10

70098820.3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

5.4     As a direct and proximate result of GDA's breaches, U.S. Bank is entitled to recover from GDA damages in the form of unpaid principal and accrued interest in the following amounts:  The principal amount of $18,585,706.06, plus accrued and unpaid interest as of May 10, 2016, in the amount of $86,203.23.  Interest continues to accrue on and after May 10, 2016, at a rate of $2,752.10321 per diem.

5.5     Pursuant to the Loan Agreement, 2014 Orchard Loan, Term Loan, PIK Interest Loan, 2015 Orchard Loan, and Warehouse Loan, U.S. Bank is also entitled to recover additional sums, including attorneys' fees and costs, both before and after this complaint is filed, incurred by U.S. Bank in its lending relationship with GDA.

## VI.  RECEIVERSHIP
(Against GDA and Kernan)

6.1     U.S. Bank realleges paragraphs 1.1 through 5.5 above as if set forth in full herein.

6.2     Each of the GDA Mortgage and the Kernan Mortgage provide that, among other things, U.S. Bank shall have the following as a right and remedy upon the occurrence of an Event of Default:

> [U.S. Bank] shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness.  The receiver may serve without bond if permitted by law.  [U.S. Bank]'s right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount.  Employment by

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

[U.S. Bank] shall not disqualify a person from serving as receiver.

(GDA Mortgage at 8; Kernan Mortgage at 6.)

6.3     The Security Agreement also contains agreement to appointment of a receiver: "(i) U.S. Bank may have a receiver appointed as a matter of right, (ii) the receiver may serve without bond, and (iii) all fees of the receiver and the receiver's attorneys will become part of the Obligations secured by this Security Agreement and will be payable by GDA on demand by U.S. Bank, with interest at the Default Rate until repaid by GDA; . . . U.S. Bank, either itself or through a receiver, may collect the payments, rent, income, and revenues from the Collateral." (Security Agreement para. 14(d)-(e), at 6.)

6.4     This is an action to foreclose upon the liens against the Real Property under the GDA Mortgage and the Kernan Mortgage and the Collateral under the Security Agreement. U.S. Bank's interest in the Real Property and the Collateral is probable. The appointment of a receiver with respect to the Real Property and the Collateral is provided for by the GDA Mortgage, the Kernan Mortgage, and the Security Agreement or is reasonably necessary to enforce the assignment of rents and other revenues from the Real Property and the Collateral. Without the appointment of a receiver over the Real Property and the Collateral, the Real Property, the Collateral, or their revenue-producing potential is in danger of being lost or materially injured or impaired. Appointment of a receiver is reasonably necessary and other available remedies either are not available or are inadequate. Appointment of a receiver is necessary to secure ample justice to the parties.

COMPLAINT - 12

70098820.3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

6.5   U.S. Bank is entitled to the appointment of a receiver with respect to all of the Real Property and the Collateral, including but not limited to pursuant to RCW 7.60.005 *et seq*.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, U.S. Bank prays for relief as follows:

7.1   That U.S. Bank have judgment against GDA for the following amounts:  The principal amount of $18,585,706.06, plus accrued and unpaid interest as of May 10, 2016 in the amount of $86,203.23.  Interest continues to accrue on and after May 10, 2016, at the rate of $2,752.10321 per diem.

7.2   That U.S. Bank have judgment against GDA for the full amount of U.S. Bank's reasonable fees, costs, and out-of-pocket disbursements, including without limitation attorneys' fees and costs, incurred in U.S. Bank's lending relationship with GDA and pursuing this matter.

7.3   That interest be awarded on the entire judgment at the maximum legal rate from the date of judgment until paid.

7.4   That in the event of nonpayment of the judgment forthwith upon its entry:

(a)   That the interest of U.S. Bank in the Real Property and the Collateral be declared a valid lien on the Real Property and the Collateral with priority over the liens and interests of all defendants and anyone claiming by, through, or under them;

(b)   That the interest of U.S. Bank in the Real Property and the Collateral be foreclosed and sold at one or more foreclosure sales in the manner provided by law, and that the proceeds of the foreclosure sale(s) be distributed to U.S. Bank and applied to the obligations under the Note, together with any additional amounts that U.S. Bank may advance under the terms of the

COMPLAINT - 13

70098820.3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Loan Agreement, 2014 Orchard Loan, Term Loan, PIK Interest Loan, 2015 Orchard Loan, Warehouse Loan, GDA Mortgage, Kernan Mortgage, and Security Agreement, together with interest thereon from the date of payment;

    (c) That by such foreclosure sale(s), the interest of all defendants and persons claiming by, through, or under them, be adjudged inferior and subordinate to U.S. Bank's interest and be forever foreclosed except only for the statutory right of redemption; and

    (d) That U.S. Bank be permitted to be a bidder for and purchaser of the Real Property and the Collateral, or any part thereof, and that the successful purchaser(s) at the foreclosure sale(s) be permitted to take immediate possession of the property purchased.

  7.5 That if any deficiency remains after application of the proceeds from any sale of the Real Property and the Collateral, execution be issued for the deficiency against GDA and against any of its property not exempt from execution.

  7.6 That a receiver be appointed with respect to GDA and Kernan and all of the Real Property and the Collateral, including but not limited to pursuant to RCW 7.60.005 *et seq.*, and on such terms for which good cause may be shown.

*[The rest of this page intentionally left blank.]*

COMPLAINT - 14

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

70098820.3

1    7.7    For any other and further relief that the court deems just and equitable.

DATED this 20th day of May, 2016.

MILLER NASH GRAHAM & DUNN LLP

_____
John R. Knapp, Jr., P.C.
WSB No. 29343
john.knapp@millernash.com
206.624.8300

Attorneys for Plaintiff
U.S. Bank National Association

COMPLAINT - 15

70098820.3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121